■ GREAT NORTHERN INSURANCE COMPANY, as Subrogee of Margaret Summers, Plaintiff, v ZEN RESTORATION INC., Appellant, and PATRICK GALLAGHER, Respondent. [961 NYS2d 778]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered October 7, 2011, which denied defendant Gallagher's post-note of issue motion to compel production of evidence and ordered that defendant Zen Restoration Inc. is precluded from offering certain evidence at trial, unanimously modified, on the law, so much of the order as precluded Zen from offering evidence vacated, and otherwise affirmed, with costs. Appeal from order, same court and Justice, entered May 25, 2012, which granted defendant Gallagher's motion for summary judgment on his cross claim against defendant Zen for breach of contract, unanimously withdrawn in accordance with the terms of the parties' stipulation.

The motion court appropriately denied defendant Gallagher's post-note of issue motion to compel production of evidence. The parties had previously stipulated that all discovery was complete. Under these circumstances, it was an improvident exercise of discretion for the motion court to preclude Zen from offering evidence at trial, especially since Gallagher sought to compel, and did not move for sanctions pursuant to CPLR 3126 (cf. *Emmitt v City of New York*, 66 AD3d 504, 505 [1st Dept 2009] [not an improvident exercise of discretion for motion court to grant plaintiff's motion to strike defendant's answer to extent of precluding it from offering certain evidence]). Concur—Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.